**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**VANESSA DAVIS,**

    **Plaintiff,**

v.                                                                              Case No:

**ONEMAIN FINANCIAL GROUP,
LLC**,

                                            **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **VANESSA DAVIS** ("Ms. Davis" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, ONEMAIN FINANCIAL GROUP, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Ms. Davis's Cellular Telephone after Ms. Davis demanded that Defendant stop calling her Cellular Telephone, and for misrepresenting Ms. Davis'

Account as delinquent when Ms. Davis was current on an agreed payment plan, which can all reasonably be expected to harass Ms. Davis.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Davis, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Ms. Davis is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 310-***-1813 ("Ms. Davis's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of MD and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

## *Statements of Fact*

7. Under information and belief, Ms. Davis opened a personal loan account with Defendant in Ms. Davis' name that was assigned a unique account number ("Account").

8. Sometime thereafter, Ms. Davis encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. Ms. Davis was able to work out a payment arrangement ("Payment Arrangement") with Defendant that would bring her Account current after a certain period of time.

10. In or around October 2018, Defendant began placing calls to Ms. Davis's Cellular Telephone in attempts to collect the Debt.

11. Ms. Davis spoke with Defendant in October of 2018 and told Defendant that she had the Payment Arrangement and that she did not understand why Defendant was calling her Cellular Telephone several times a day.

12. Despite the Payment Arrangement, Defendant's calls in attempt to collect the Debt continued.

13. In or around late November of 2018, Ms. Davis spoke to Defendant again and demanded that Defendant stop calling her Cellular Telephone.

14. Despite Ms. Davis' demands, Defendant continued to place calls to Ms. Davis' Cellular Telephone in attempts to collect the Debt.

15. Defendant has called Ms. Davis' Cellular Telephone at least fifty (50) times during the time period from November of 2018 to the present date.

16. Defendant called Ms. Davis's Cellular Telephone from several different telephone numbers, including, but not limited to: 310-316-5450.

17. All of Defendant's calls to Ms. Davis's Cellular Telephone were placed in an attempt to collect the Debt.

18. Defendant has harassed Ms. Davis due to the timing and frequency of Defendant's calls, and for misrepresenting Ms. Davis's Account as delinquent when Ms. Davis was current on the Payment Arrangement, which can all reasonably be expected to harass Ms. Davis.

### *Count 1: Violation of the Telephone Consumer Protection Act*

19. Ms. Davis re-alleges paragraphs 1-18 and incorporates the same herein by reference.

20. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

21. Ms. Davis revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around November of 2018 when she expressly told Defendant to stop calling her.

22. Despite this revocation of consent, Defendant thereafter called Ms. Davis's Cellular Telephone at least fifty (50) times.

23. Defendant did not place any emergency calls to Ms. Davis's Cellular Telephone.

24. Defendant willfully and knowingly placed non-emergency calls to Ms. Davis's Cellular Telephone.

25. Ms. Davis knew that Defendant called Ms. Davis's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

26. Ms. Davis knew that Defendant called Ms. Davis's Cellular Telephone using a prerecorded voice because Defendant left Ms. Davis at least one voicemail using a prerecorded voice.

27. Defendant used an ATDS when it placed at least one call to Ms. Davis's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Davis's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Davis's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Davis's Cellular Telephone.

31. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

32. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

33. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

34. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

35. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a prerecorded voice.

36. Defendant has recorded at least one conversation with Ms. Davis.

37. Defendant has recorded more than one conversation with Ms. Davis.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Davis, for its financial gain.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Davis's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

40. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Davis, despite individuals like Ms. Davis revoking any consent that Defendant believes it may have to place such calls.

41. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Davis's Cellular Telephone.

42. Defendant has corporate policies to abuse and harass consumers like Ms. Davis.

43. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

44. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

45. Defendant's phone calls harmed Ms. Davis by causing her embarrassment.

46. Defendant's phone calls harmed Ms. Davis by causing her emotional distress.

47. Defendant's phone calls harmed Ms. Davis by causing her to lose sleep.

48. Defendant's phone calls harmed Ms. Davis by causing her stress.

49. Defendant's phone calls harmed Ms. Davis by invading her privacy.

50. Defendant's phone calls harmed Ms. Davis by causing anxiety.

51. Defendant's phone calls harmed Ms. Davis by causing aggravation.

52. Defendant's phone calls harmed Ms. Davis by being an annoyance.

53. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

54. Ms. Davis re-alleges paragraphs 1-18 and incorporates the same herein by reference.

55. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to call Ms. Davis's Cellular Telephone after she demanded Defendant to stop calling her, which can reasonably be expected to harass Ms. Davis.

b. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the status of the Debt as delinquent in its calls despite the fact that Ms. Davis was current on the Payment Arrangement with Defendant.

56. As a result of the above violations of the FCCPA, Ms. Davis has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

57. Defendant's phone calls harmed Ms. Davis by causing her embarrassment.

58. Defendant's phone calls harmed Ms. Davis by causing her emotional distress.

59. Defendant's phone calls harmed Ms. Davis by causing her to lose sleep.

60. Defendant's phone calls harmed Ms. Davis by causing her stress.

61. Defendant's phone calls harmed Ms. Davis by invading her privacy.

62. Defendant's phone calls harmed Ms. Davis by causing anxiety.

63. Defendant's phone calls harmed Ms. Davis by causing aggravation.

64. Defendant's phone calls harmed Ms. Davis by being an annoyance.

65. It has been necessary for Ms. Davis to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

66. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Vanessa Davis, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 29, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff